## Nelson v. City of Philadelphia et al.

*Municipalities—Contracts—Improvements — Bids — Extra or contingent work—Fixed price.*

1. In asking for bids for public improvements, the contract must be awarded upon competitive bidding, but if the plans and specifications submitted to the bidders embrace all the work and material then known to be required in the undertaking, the muicipality may provide a fixed price for contingent or extra work which may be required and which is not known and cannot be estimated when the bids are taken, with the right to reject bids not in accordance with such provision for contingent or extra work.

*Equity—Practice—Exceptions to discussion of case by chancellor.*

2. The discussion of the case by the chancellor and his reasoning are not part of the formal findings and ocnclusions and cannot be made the subject of exceptions.

Bill in equity to enjoin award of contract by city. C. P. No. 5, Phila. Co., Sept. T., 1926, No. 4778.

*Saul, Ewing, Remick & Saul,* for plaintiff.

*J. P. Gaffney,* City Solicitor, and *J. F. Ryan,* Assistant City Solicitor, for defendants.

HENRY, P. J., 52nd judicial district, specially presiding, May 18, 1927.—The exceptions of the plaintiff taken to the findings, conclusions and decree *nisi* of the chancellor hearing this case, and the argument thereon, are in the main directed to the proposition whether the City of Philadelphia can, in asking for bids for public improvements, provide a fixed price for contingent or extra work which may be required and which is not known and cannot be estimated when the bids are taken, with the right to reject bids not in accordance with such provision for contingent or extra work.

The evidence submitted before the chancellor established conclusively to his mind that the plans and specifications submitted to bidders embraced all the work and material then known to be required in the undertaking, and that the provision for contingent or extra work was wholly for incidentals that may be required, but the necessity for which was not and could not then be foreseen.

The conclusion of the chancellor was that the contract for such municipal improvement must be awarded upon competitive bidding, but that the provision of a fixed price for contingent or extra work was not in violation of said rule, if it really provided only for such contingent work as was not known to be required and the need of which could not be foreseen at the time of the taking of the bids. The court concurs in this statement of the law applicable to this case.

### Disposition of exceptions.

The first exception is that the chancellor erred in his ninth finding of fact, as follows: "The plans and specifications submitted to the bidders included all work and material then known to be required for the construction of said pumping station, and the said schedule of items and prices for contingencies and extras did not cover or extend to anything then known to be required in the prosecution of said work."

The City Engineers and officials clearly testified to this fact and there was no evidence to the contrary. The first exception is, therefore, overruled and dismissed.

The second exception is that the chancellor erred in his tenth finding of fact, as follows: "The sixth, seventh, fourteenth and seventeenth requests of plaintiff for findings of fact are refused."

The sixth, seventh and seventeenth requests were not sustained by the evidence. The fourteenth request referred to the bid of Evans-Steele, Incorporated, under an earlier submission of bids, which were admittedly rejected with the approval, and possibly at the suggestion, of Evans-Steele, Incorporated, and, therefore, what had been then submitted was wholly irrelevant to this case. The second exception is, therefore, overruled and dismissed.

The third, fourth and fifth exceptions are to the discussion of the case by the chancellor and his reasoning for his findings and conclusions.

This discussion is not part of the formal findings and conclusions, and we do not think it is the subject of exception. The third, fourth and fifth exceptions are, therefore, overruled and dismissed.

The sixth exception is that the chancellor erred in his first conclusion of law, as follows: "The annexing of a schedule of items and prices for contingent and extra work is not a violation of the law requiring competitive bidding upon municipal contracts, where the plans and specifications embrace all the work then known to be performed in connection with such contract."

This conclusion is in accord with the view we have taken of this case, and nothing has been suggested to warrant our changing this view. The sixth exception is, therefore, overruled and dismissed.

The seventh exception is that the chancellor erred in his second conclusion of law, as follows: "Such schedule, honestly fixing prices for incidentals, is the only practicable and legal way to deal with such extras."

The court still adheres to this view of the practical and legal effect of the schedules submitted by the city in this case. The seventh exception is, therefore, overruled and dismissed.

The eighth exception is that the chancellor erred in his fifth conclusion of law, as follows: "The bill of the plaintiff must be dismissed, at her costs."

This conclusion necessarily followed from the findings of fact and prior conclusions of law. The eighth exception is, therefore, overruled and dismissed.

The ninth exception is that the chancellor erred in his sixth conclusion of law, as follows: "The second, third, fourth, fifth, sixth, eighth, ninth, tenth and eleventh requests of plaintiff for conclusions of law are declined."

These requests all went to the legal effect of the schedule for contingent prices, such as was submitted by the City of Philadelphia in the bidding upon this contract, and are altogether at variance with the view we entertain as to the law applicable to the case and the legal conclusions we have formerly made. The ninth exception is, therefore, overruled and dismissed.

The tenth exception is that the chancellor erred in his answer to the fourteenth request of the plaintiff for finding of fact, which request was as follows: "That the bid of Evans-Steele, Inc., submitted under date of September, 1926, was in precisely the same form as the bid which had been submitted at the first letting, and that the bid submitted at the first letting was accepted by the City of Philadelphia without question."

The question here raised was embodied in the second exception, and for the reasons set forth in disposing of that exception this tenth exception must also be overruled. The tenth exception is, therefore, overruled and dismissed.

The eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth and eighteenth exceptions are to the refusal of the chancellor to affirm

Nelson v. City of Philadelphia et al.

the plaintiff's respective second, third, fourth, fifth, eighth, ninth, tenth and eleventh requests for conclusions of law.

These requests were based upon the theory of the plaintiff that the City of Philadelphia could not fix prices for contingent or extra work, and are a direct contradiction of the conclusions we have reached as to the law which we think applicable to this case. The eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth and eighteenth exceptions are, therefore, overruled and dismissed.

The nineteenth exception is that the chancellor erred in entering the decree *nisi* dismissing the bill.

The decree dismissing the bill necessarily followed the findings and conclusions of the chancellor. The nineteenth exception is, therefore, overruled and dismissed.

All of the exceptions are overruled and dismissed, and a final decree will be entered.

### Final decree.

And now, May 18, 1927, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. The bill of the plaintiff is hereby dismissed.

2. The costs of this proceeding are directed to be paid by the plaintiff.